UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATHLEEN F. HEBERT;<br>a/k/a KATHLEEN HEBERT and<br>TREVOR P. HEBERT; and<br>ZACHARY R. HEBERT<br><br>　　　　Plaintiffs<br><br>vs.<br><br>UNITED STATES OFFICE OF PERSONNEL<br>MANAGEMENT; and<br>METROPOLITAN LIFE INSURANCE<br>COMPANY and OFFICE OF FEDERAL<br>EMPLOYEE GROUP LIFE INSURANCE; and<br>TIFFANY HEBERT,<br>a/k/a TIFFANY DONAHUE HEBERT<br>　　　　Defendants | **Civil Action No. 1:18-cv-11483** |

PLAINTIFFS' MEMORANDUM IN SUPPORT OF FINAL JUDGMENT


I.        INTRODUCTION

Plaintiffs bring this action to resolve a dispute over life insurance benefits payable under a

Federal Employees Group Life Insurance Policy ("FEGLI" 5 U. S. C. §§8701-8716). The

Plaintiffs, Kathleen F. Hebert, Trevor P. Hebert, and Zachary R. Hebert (hereinafter collectively

the "Plaintiffs") allege the Defendant United States Postal Service was negligent in its handling

of the designation of beneficiary form submitted timely by the decedent, Gary Hebert, Plaintiff's

former spouse. Plaintiffs seek declaratory relief as to Defendants MetLife, OPM, the United

States Post Office, and Tiffany Hebert.

Kathleen F. Hebert as former spouse, and her two children Trevor Hebert and Zachary Hebert, are entitled to the proceeds of the decedent's FEGLI policy.


## II.   THE PARTIES

1.  The Plaintiff, Kathleen Hebert, a/k/a Kathleen F. Hebert is an individual residing at 27 Shore Avenue Wareham, Massachusetts 02571.

2.  Plaintiff, Kathleen F. Hebert is the former spouse of the decedent, Gary Hebert, ("the decedent" or "Mr. Hebert"') and the mother of the decedent's two (2) children, including the minor child, Trevor Parker Hebert, who resides with his mother at 27 Shore Avenue Wareham, Massachusetts 02571.

3.  The Defendant, Tiffany Hebert, a/k/a Tiffany Donahue Hebert, ("Tiffany") is an individual residing at #3, 16th Avenue Wareham, Massachusetts 02571.

4.  The Defendant, Tiffany Hebert, purportedly married Mr. Hebert on October 7, 2016.

5. The Defendant, Tiffany Hebert, was purportedly the spouse of the decedent at the time of his death, February 15, 2017.


## III.   STATEMENT OF FACTS

6.  The Plaintiff's ex-husband, the Decedent, Gary Hebert, (hereinafter "Decedent") was an employee of the United States Postal Service at the time of his death and was insured under a Federal Employees Group Life Insurance policy issued by the Defendant, Met Life.

7.  The Federal Employees' Group Life Insurance (FEGLI) Program is a life insurance program for Federal and Postal employees and annuitants authorized by

law (chapter 87 of Title 5, United States Code). OPM administers the Program and sets the premiums.

8. OPM has a contract with the Met Life to provide this life insurance. Met Life has an office called OFEGLI.

9. OFEGLI is the contractor that adjudicates claims under the FEGLI Program.

10. OPM administers basic FEGLI functions such as determining and collecting premiums, publishing program regulations, and overseeing the claims processes of Met Life, the insurer who is contracted to provide claims services.

11. Plaintiff, Kathleen F. Hebert and the Decedent were married on April 13, 1991 and Divorced on March 2, 2015. There were two children born of the marriage: Zachary Ryan Hebert, born October 9, 1993 ("Zack" age twenty-nine); and Trevor Parker Hebert, born June 9, 2000 ("Trevor," age twenty-two).

12. The Defendant, Tiffany Donahue Hebert, died on February 15th, 2020, in Harlem, Georgia.

13. The Defendant's Daughter, Karissa Donahue, has filed an Informal Probate of Estate Action in the Plymouth County Probate and Family Court on or about October 10th, 2022.

14. The Plymouth County Probate and Family Court granted Letters of Authority to Karissa Donahue on 10/18/2022, to act as personal representative of the Estate of Tiffany Hebert (Plymouth County Probate and Family Court Docket No. PL22P2186EA).  A Bond with Sureties was filed with the Petition for Informal Probate, in the amount of $345,000.00.

15. On or about October 14th, 2020, Plaintiffs filed a Suggestion of Death, having learned of the death of Tiffany Donahue Hebert on 2/15/2020, requesting dismissal of Defendant's claims.

16.    On or about October 21st, 2020, a response was filed on behalf of the Defendant, asserting for the first time, that Karissa Donahue has *"legal authority to defend and prosecute this action"*.

17.    On or about June 23, 2022, a second response was filed by Karissa Donahue to the Plaintiffs' Suggestion of Death filed October 14th, 2020.  The response includes an attached "Exhibit B", identified as a "Limited Power of Attorney" dated May 1, 2018, granting Karissa Donahue Limit Power of Attorney to act on behalf of Tiffany Donahue Hebert in connection with her claim for payment of the life insurance policy at issue in this matter.

18.  As of this date, there has been no Motion to Substitute Party filed with the Court.


IV.    <u>ARGUMENT</u>

A.  <u>FINAL JUDGMENT</u> (Argued procedurally as Motion for Summary Judgment)

Summary judgment is appropriate if the evidence provided to the court shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The evidence must be viewed in the light most favorable to the party opposing the motion. Kizer v. Children's Learning Center, 962 F.2d 608, 611 (7th Cir. 1992).

Summary judgment is the "put up or shut up" moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events, Schacht v. Wisconsin Dept. of Corrections, 175 F.3d 497, 504 (7th Cir. 1999), and may not merely allege in a general or conclusory fashion that disputes of fact exist or might exist. Fed. R. Civ. P. 56(c); Jordan v. Summers, 205 F.3d 337, 344 (7th Cir. 2000).

1. <u>There are no material facts in dispute</u>. The only material facts in dispute stem from the *new issues* raised in this matter and presented by Karissa Donahue through counsel for Tiffany Donahue Hebert without standing on June 23rd, 2022.

2. <u>The Proposed Party Karissa Donahue does not have standing.</u>   Karissa Donahue is not a party to this action and therefore does not have standing to appear as a party Defendant in substitution of the decedent, Tiffany Donahue Hebert.  Rule 25 of The Federal Rules of Civil Procedure requires a Motion to Substitute Party be filed within 90 days after service of a statement noting the death, here October 14th, 2020, otherwise, the action by or against the decedent must be dismissed.  Over two years have passed since the death of Tiffany Donahue Hebert.  An estate was filed in Plymouth County Probate and Family Court only weeks prior to this date.  The Defendant MetLife is equally liable to the Plaintiffs under those counts of Plaintiffs Complaint seeking declaratory judgment, making it unnecessary for the Defendant, Tiffany Donahue Hebert or her Estate to remain in this lawsuit.

Plaintiffs argue that the Court should strike all pleadings filed on behalf of the Defendant Tiffany Donahue Hebert or Karissa Donahue after February 15th, 2020 and allow Plaintiff's request for dismissal of all claims filed by the Defendant (Suggestion of Death filed 10/14/2020 on behalf of Kathleen Hebert).


B.  <u>SUBSTITUTION OF PARTY</u>

1. Rule 25 of the Federal Rules of Civil Procedure states as follows:

**Substitution of Parties**
(a) DEATH.
(1) *Substitution if the Claim Is Not Extinguished.* If a party dies

and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

A Motion to Substitute party has not been filed in this case.


2. <u>The Estate of Tiffany Donahue Hebert was Improperly filed in Massachusetts</u>.

The proposed party defendant Karissa Donahue improperly filed a probate action in Plymouth County Probate and Family Court, Plymouth County, Massachusetts and thereby improperly sought appointment as personal representative of the Estate of Tiffany Donahue Hebert.   The proposed party defendant Karissa Donahue has failed to present evidence to meet the criteria for establishing Tiffany Donahue Hebert's domicile in Massachusetts.  The Massachusetts Uniform Probate Code requires the following:

> Petition for Probate of the decedent's estate is proper only if one or more of the following apply:
> (1) The decedent owned property in the alleged state of domicile;
> (2) The decedent's spouse continues to reside at the property;
> (3) Many of the decedent's personal effects are located at the property;
> (4) The decedent filed his/her last income tax returns indicating his/her residence was at the address and had lived there for a <u>substantial amount of time prior death;</u>
> (5) At the time of decedent's death he/she was temporarily living at foreign address with intent to return to the Commonwealth of Massachusetts. See, Massachusetts Uniform Probate Code.

In the present case, it is apparent that the proposed party defendant has sought appointment as personal representative of the Estate of Tiffany Hebert for the sole purpose of stepping into the shoes of the decedent in this action by misrepresenting to the Court in her Petition to the Plymouth County Probate and Family Court for Informal Probate of the Estate of Tiffany Donahue Hebert, that the decedent's domicile at death was "3 16th Avenue, Wareham, Plymouth County, Massachusetts."

(1) Tiffany Donahue Hebert did not own property in Massachusetts at the time of her death.

(2) Tiffany Donahue Hebert was not married to a resident of Massachusetts after February 15th, 2017.

(3) No significant personal effects belonging to Tiffany Donahue Hebert remain in the Commonwealth of Massachusetts.

(4) Tiffany Donahue Hebert moved to Florida in 2018 and then to Harlem, Georgia in 2019, remaining there until her death on 2/15/2020.

(5) Tiffany Donahue Hebert did not file a tax return for tax year 2019 or thereafter, indicating her address to be within the Commonwealth of Massachusetts.

(6) There is no evidence that it was Tiffany Donahue Hebert's intention to return to the Commonwealth of Massachusetts permanently at any time after 2018 as stated in the obituary published for Tiffany Donahue Hebert on or about February 20th, 2020 (*see, Obituary of Tiffany Donahue Hebert, attached as Exhibit "C"*).

(7) As indicated on the "Bond with Sureties" filed by Karissa Donahue with the Petition for Informal Probate filed on 10/10/2022, the proposed assets of the "Estate of Tiffany Hebert" consist entirely of proceeds from the life insurance policy subject to this lawsuit.

(8) Neither limited power of attorney nor Designation of personal representative of estate is not sufficient to establish jurisdiction in Massachusetts when no other criteria apply.  Without further evidence of fiduciary responsibility, trustee administration, or other criteria, the proposed party defendant cannot establish cause to create jurisdiction in Massachusetts.  Rather, Karissa Donahue has intentionally

misled the Court by incorrectly asserting that Massachusetts has jurisdiction to administer the probate the Estate of Tiffany Donahue Hebert for her own convenience.

C.  <u>STANDING TO SUE</u>

Karissa Donahue does not have standing to participate in this lawsuit.  The Estate of Tiffany Hebert, as filed in Plymouth County Probate and Family Court on 10/10/2022 is improper and any and all powers conveyed thereby are void.  The claims now raised by proposed substitute defendant fail to comply with F.R.C.P. Rule 25 and lack merit.  Plaintiffs have demonstrated through direct contrary evidence, being two verified and sworn affidavit of witnesses to Gary Hebert's signature of the designation of beneficiary form, executed at his home in Wareham, Massachusetts on January 26th, 2017 (filed and incorporated as exhibit to Plaintiffs' Complaint) direct contrary evidence.   Further, the proposed substitute Defendant failed to comply with the requirements of F.R.C.P. Rule 9, to plead special matters of competency and fraud.

In accordance with F.R.C.P. Rule 9 and Rule 25, the evidence in support of Plaintiff's claims, and the Court ruling on the validity of the form at issue, the Court should order that the Defendant Tiffany Donahue Hebert should be dismissed from this action, as pled by Plaintiffs on 10/14/2020 and grant judgment in favor of Plaintiffs against MetLife.

By submitting false and misleading facts and documents to the Court, Karissa Donahue has sought to mislead the Court for her gain and should sanctioned by the Court and ordered to pay Plaintiffs' attorney's fees and costs.

D. <u>CLAIMS ASSERTED BY PROPOSED PARTY DEFENDANT KARISSA DONAHUE</u>

1.  <u>Capacity or Authority to Sue; Legal Existence</u>. To raise any of those issues, a party

must do so by a specific denial, which must state any supporting facts that are peculiarly within the party's knowledge. F.R.C.P. Rules 25.

The Affidavit of Karissa Donahue filed by counsel for Tiffany Donahue Hebert on October 10th, 2022 fails to state with personal knowledge or specific facts supporting her position that Gary Hebert did not have legal capacity at the time he signed the beneficiary form in question on January 26, 2017.  Plaintiffs argue that Karissa Donahue does not have personal knowledge of Gary Hebert signing any documents nor his mental capacity to do so at any time. In her Affidavit, Karissa Donahue states "Tiffany Donahue (aka Tiffany Donahue Hebert) was taking care of Tiffany's husband, Gary Hebert, at their home in New Bedford Hospital until Tiffany became ill and was admitted to Rhode Island Hospital.  At that time, we did not know if Tiffany was going to survive, due to her medical issues."   In fact, Tiffany Donahue Hebert was incapacitated herself, having been hospitalized with sepsis.  According to the Verified Affidavit of Kevin Levesque (filed and incorporated herewith as Exhibit "A") Tiffany had an ongoing struggle with addiction to opiates and was taking and using Gary Hebert's pain medication.  The facts directly oppose to what Karissa Donahue has stated.  Tiffany Donahue Hebert was, in fact, exacerbating Gary Hebert's suffering, not providing care.

Gary Hebert and Tiffany Donahue Hebert were married on October 7th, 2017.  Without further information, it appears Karissa Donahue is alleging Gary Hebert was incapacitated sometime after that date, otherwise the marriage is not valid.  It is difficult to imagine what timeline would reflect a scenario in which Gary Hebert rapidly lost competency between October 7th, 2016 and January 22nd, 2017, when he was discharged from Tobey Hospital to move back home with the Plaintiffs.  Also, the Massachusetts Department of Transportation approved Gary Hebert's application for renewal of Class D driver's license on January 5th, 2017, which includes

the signature of Gary Hebert's physician qualifying Gary Hebert's competency to operate a motor vehicle safely.  The Department of Transportation issued Gary Hebert's Massachusetts Driver's license accordingly along with a certificate (*see, Department of Transportation Certificate, filed and attached hereto as Exhibit "D").*

Tobey hospital did not require any exercise of power of attorney, health care proxy, or any other legal directive in order to discharge Gary Hebert on 1/22/2017.  In paragraph eight (8) of Karissa Donahue's Affidavit, she states "We brough him to the hospital, and they stated that he [Gary Hebert] was incapable of making decisions for himself."  Proposed substitute defendant fails to state what hospital she contends invoked any legal directive on Gary Hebert's behalf or what dates he may have been admitted.  If any such records exist indicating that a hospital determined Gary Hebert unable to make decisions for himself, those records could have and should have been proffered by Defendant long before now.   The same facts either would have been or should have been known to the Defendant Tiffany Donahue Hebert at the time the present action was filed, as they refer solely to events prior to the filing of this federal court action on July 7th, 2018.

The following timeline has been set forth as fact in prior pleadings and Plaintiffs iterate here:

| | |
|---|---|
| 9/21/2016 | Gary Hebert was hospitalized due to medical issues related to esophageal cancer. |
| 10/04/2016 | Gary Hebert was discharged from the hospital and returned home to New Bedford, Massachusetts. |
| 10/07/2016 | Gary Hebert and Tiffany Donahue Hebert were married by justice of the peace.  There was no ceremony or gathering. |
| November / December 2016 (Exact date unknown) | Tiffany Donahue Hebert was admitted to Rhode Island Hospital where she remained until after Gary Hebert's death. |
| 1/16/2017 | At some point during this week, Gary Hebert was admitted to Tobey |

|           | Hospital again. |
|-----------|-----------------|
| 1/22/2017 | Gary Hebert called Kevin Levesque from Tobey Hospital and asked to be taken back home to 27 Shore Avenue, Wareham, Massachusetts, to be with Kathleen |
|           | Hebert and the children, Trevor and Zachary Hebert.  Gary stayed at home at 27 Shore Avenue in Wareham, Massachusetts until his death on February 15th, 2017. |
| 1/30/2017 | Gary Hebert asked to have his personal property picked up from his apartment in New Bedford and brought home to 27 Shore Avenue, Wareham, Massachusetts. |
| 2/05/2017 | Gary Hebert attended a Superbowl party at home, engaged in normal conversation with those present, including Kevin Levesque, Kathleen Hebert, the children Trevor and Zachary Hebert, Gary Hebert's Mother, as well as many other friends and relatives. |
| 2/06/2017 | Gary Hebert asked to be taken to Rhode Island Hospital to visit with Tiffany Donahue Hebert and was driven there by friends and visited her on that date, even spending time at the beach prior to returning home. |

### 3.  FRAUD OR MISTAKE; CONDITIONS OF MIND.

In alleging fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake.   In direct contrast to the record, agreed upon until recently, proposed substituted party Karissa Donahue challenges the authenticity of Gary's signature on the designation of beneficiary form in question.   F.R.C.P. Rule 9 requires allegation of fraud, mistake or conditions of the mind to be pled with particularity.   To the contrary, in paragraph "12" Karissa Donahue states that she "witnessed Gary Hebert's signature on the January 26th, 2017 designation of beneficiary document.  I do not believe that the signature that was presented on the beneficiary designation form dated January 26th, 2017 is in fact Gary's signature." Karissa Donahue's statement does not satisfy the F.R.C.P. Rule 9 requirement that allegations of fraud be stated with particularity, describing the circumstances…".   Karissa Donahue's statement in paragraph "12" is ambiguous.  It is not clear whether she is alleging she *visually witnessed* the signing, in-person herself, or that she has *witnessed the signature by visual review the copies of the beneficiary designation form submitted through this lawsuit.*

Plaintiffs have filed and incorporated herewith the Verified Affidavit of Kevin Levesque dated November 6th, 2022 and the Verified Affidavit of Lorraine Sawyer dated November 6th, 2022.  Both individuals signed as witnesses to Gary Hebert's signature on the designation of beneficiary form dated January 26th, 2017.  In their respective Affidavits, those witnesses have described with particularity, the facts and circumstances as best they recall, in which Gary Hebert executed the designation of beneficiary form in question.  Those witnesses have direct and relevant knowledge, having been long time associates of Gary Hebert and present with him as he signed the form on January 26th, 2017.  The Plaintiffs request the Court consider said verified witness affidavits as evidence in support of Plaintiffs' claims and dismiss the Defendant, Tiffany Donahue Hebert, the Estate of Tiffany Donahue Hebert, and all successors and assigns, and grant judgment in favor of the Plaintiffs against MetLife.

## V.   <u>CONCLUSION</u>

On May 10th, 2022, the Court announced its decision finding the form signed by Gary Hebert on January 26th, 2017 valid and readiness to issue final judgment.  The Affidavit of Karissa Donahue contains new claims of incapacity and fraud and right to proceed in substitution of Tiffany Donahue Hebert.  Karissa Donahue's Affidavit is void of detail, makes no reference to dates or any other verifiable record to substantiate her claim of legal capacity or fraud.  Proposed substitute Defendant has failed to comply with F.R.C.P. Rules 9 and 25.   The Court should not allow proposed substituted party Karissa Donahue to proceed on the claims of legal capacity or fraud.  Accordingly, all pleadings filed on behalf of the Defendant, Tiffany Donahue Hebert after her death on February 15th, 2020 should be reconsidered and stricken and judgment granted in

favor of the Plaintiffs against MetLife.  Proposed substitute party's negligent delay in raising the

issues of competency and fraud is an effort to intentionally distort the facts of this case by

untimely submission of new claims based on information available to the parties since 2017, and

has unfairly caused prejudice to the Plaintiffs as well as emotional and physical distress.

November 10th, 2022                    FOR THE PLAINTIFFS
                                       KATHLEEN HEBERT;
                                       ZACHARY HEBERT; and
                                       TREVOR PARKER HEBERT,
                                       By their attorney:


                                       _____
                                       Holly Mayfiled, Esquire
                                       Law Office of Holly Mayfield
                                       118 Waterhouse Road Suite E
                                       Bourne, MA 02532
                                       hmm@lawofficehollymayfield.com
                                       (508) 759-4070
                                       BBO #687193

PLAINTIFF'S EXHIBITS

A.  Verified Affidavit of Witness Kevin Levesque
B.  Verified Affidavit of Witness Lorraine Sawyer
C.  Obituary Publication for Tiffany Donahue Hebert
D.  Department of Transportation Certificate to Gary Hebert on 1/5/2017

Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KATHLEEN F. HEBERT;<br>a/k/a KATHLEEN HEBERT and<br>TREVOR P. HEBERT; and<br>ZACHARY R. HERBERT<br><br>    Plaintiffs<br><br>vs.<br><br>UNITED STATES OFFICE OF PERSONNEL<br>MANAGEMENT; and<br>METROPOLITAN LIFE INSURANCE<br>COMPANY and OFFICE OF FEDERAL<br>EMPLOYEE GROUP LIFE INSURANCE; and<br>TIFFANY HEBERT,<br>a/k/a TIFFANY DONAHUE HEBERT<br><br>    Defendants | Civil Action No. 1:18-cv-11483 |

## VERIFIED AFFIDAVIT OF KEVIN LEVESQUE

I, Kevin Levesque do swear and depose as follows:

1. I, Kevin Levesque, presently reside at 27 Shore Avenue in Wareham, Massachusetts.

2. My testimony is relevant to this court action, as I was one of two witnesses present on January 26th, 2017 when the decedent, Gary Hebert, signed the form in question: "Designation of Beneficiary" (Federal Employee' Group Life Insurance program or "FEGLI").

3. I knew the decedent, Gary Hebert, for over forty years. We were best friends since childhood.

4. I knew Gary had recently married Tiffany Donahue Hebert and that he had been living at her home prior to being admitted to Tobey Hospital in January of 2017. Gary was very ill with terminal esophageal cancer. Gary called me from Tobey Hospital in Wareham, MA, on or about January 22, 2017. Gary begged me to pick him up from the hospital and take him to Kathleen Hebert's home at 27 Shore Avenue, Wareham, MA. I immediately called Kathleen and told her what Gary wanted, and she agreed. I picked up Gary from Tobey hospital and brought him home 27 Shore Avenue, Wareham, MA.

5. Gary told me that he wanted to be home with his children for his last days. Kathleen arranged for Gary to receive hospice care. Gary died at the home on February 15th, 2017, surrounded by his children, former spouse Kathleen Hebert, and myself, as he had wanted. I stayed at the home with Kathleen, Gary, and the children from the time I brought him home, until he passed.

6. Gary told me the reason he wanted to be home with the children and Kathleen was because Tiffany Donahue Hebert was stealing his pain medication and selling it. He was in tremendous pain, the reason he was admitted to Tobey hospital in January. He also said he wanted his last days to be spent with his children and that Tiffany refused to allow them to see him. He very specifically told me he wanted the children to have any and all assets of his estate and did not want Tiffany Donahue Hebert to get anything. Gary said "I don't want them to get anything….I want everything to go to the boys and this house". By "they" Gary was referring to Tiffany and her daughter. Given what Tiffany did to Gary, stealing his medication, their relationship had ended. He told me Tiffany had pressured and demanded that Gary execute the designation of beneficiary form, naming her as a beneficiary. Gary did not want to, he knew it would violate the terms of his and Kathleen's divorce agreement, and still wanted the children to have all the benefits.

Page 2 of 3

7. Gary told me how important it was for him to get the FEGLI Designation of Beneficiary of the Life Insurance policy form properly executed and delivered before it was too late. We did not know how much time he had left.

8. On or about Sunday January 26th, 2017, I watched Gary Hebert sign the designation of beneficiary form. Lorraine Sawyer was also present and witnessed Gary signing the form. There was never a time when I was concerned about Gary's state of mind and/or competency. Gary was alert, coherent, able to communicate and make jokes. He seemed "himself", just tired. We had a great time watching the Superbowl game together on February 5th, 2017.

9. I support Kathleen's position in this lawsuit. I know that Gary Hebert wanted the form signed on 1/26/2017 to be accepted by FEGLI and for Kathleen, Zachary and Trevor to receive the benefits of the life insurance policy as had been settled in his divorce from Kathleen. Based on my information and belief, from many conversations with Gary prior to his death, he felt he inadvertently neglected to sign the designation of beneficiary form sooner as the divorce judgment ordered and was concerned about being in contempt of court. Gary was clear about what he wanted. He told me he felt his marriage to Tiffany Hebert was irretrievably broken down prior to January 2017 and he wanted to reconcile with Kathleen and be together as a family again.

I hereby declare that the foregoing is true and correct to the best of my knowledge and information, signed under the pains and penalties of perjury.

11/8/22
Date

KEVIN LEVESQUE

The Commonwealth of Massachusetts
On this 8 day of November 20 22.
before me, the undersigned notary public, personally appeared
Kevin Levesque
proved to me through satisfactory evidence of identification which were MaDL,
to be the person whose name is signed on the preceding or attached document the same
or allowed to me that the contents of the document are truthful and accurate to the best of
his/her knowledge and belief.

Kimberly Dube, Notary Public
My Commission Expires June 9, 2028

Page 3 of 3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATHLEEN F. HEBERT; <br> a/k/a KATHLEEN HEBERT and <br> TREVOR P. HEBERT; and <br> ZACHARY R. HEBERT <br><br>        Plaintiffs <br><br> vs. <br><br> UNITED STATES OFFICE OF PERSONNEL <br> MANAGEMENT; and <br> METROPOLITAN LIFE INSURANCE <br> COMPANY and OFFICE OF FEDERAL <br> EMPLOYEE GROUP LIFE INSURANCE; and <br> TIFFANY HEBERT, <br> a/k/a TIFFANY DONAHUE HEBERT <br><br>        Defendants | Civil Action No. 1:18-cv-11483 |

## VERIFIED AFFIDAVIT OF LORRAINE SAWYER

I, Lorraine Sawyer do swear and depose as follows:

1. I, Lorraine Sawyer presently reside at 8 Drew's Way, Buzzards Bay, Massachusetts.

2. My testimony is relevant to this court action, as I was one of two witnesses present on January 26th, 2017 when the decedent, Gary Hebert, signed the form in question: "Designation of Beneficiary" (Federal Employee' Group Life Insurance program or "FEGLI").

3. This affidavit is intended to supplement my Affidavit dated June 16th, 2017. I recently became aware of new allegations presented by the newly substituted Defendant in this

action, Karissa Donahue, representing the Estate of Tiffany Donahue Hebert. I state the following in response to those allegations based on my own personal knowledge as I recall:

4. On January 26th, 2017, I personally observed Gary Hebert at his home with family and friends. I had no reason to suspect that Gary Hebert was not legally competent to sign the designation of beneficiary form in question. I have known Gary Hebert for over nine (9) years. His conduct, demeanor and cognition appeared no different to me than prior to that date. To the best of my knowledge, no one else present suspected that Gary was unable to understand what he was doing when the form was signed.

5. Just after Gary Hebert and Tiffany Donahue Hebert were married, October 7th, 2016, Tiffany and Gary came into the Post Office where I work, at 25 Tobey Road, Wareham, MA. Gary asked me for employee benefits forms that he wanted to update since his marriage to Tiffany. Included, was a Designation of Beneficiary form for his employee life insurance policy with MetLife (through FEGLI). We sat and completed the form together. Gary purposely did not sign the designation of beneficiary form nor provide a copy of the marriage certificate but rather, left with the form.

6. Before leaving, I recall Gary stating to Tiffany as follows: "he had to keep Kathleen as beneficiary of the life insurance policy", to which Tiffany objected, stating she "is the one who would be taking care of him and his funeral arrangements".

I hereby declare that the foregoing is true and correct to the best of my knowledge and information, signed under the pains and penalties of perjury.

_11/8/2022_
Date

_Lorraine Sawyer_
Lorraine Sawyer

_- 11/8/22_

VINCENT PIRCIO
Notary Public
Commonwealth of Massachusetts
My Commission Expires Sept. 11, 2026

Page 2 of 2

**Exhibit C**

AT&T?      O   •   afr  Bl          ☆ N 🛜 ⅶⅼ 49% 🔋 9:09 AM
···

# Tiffany A. Donahue-Hebert
## 1968 - 2020

 Sign Guestbook    ⅠⅠ View Guestbook          Print



HARLEM, GEORGIA- Tiffany A. Donahue-Hebert, 51, of Harlem, GA, died at home on Feb. 15, 2020. She was the wife of the late Gary Hebert.

She was born in Wareham and lived there for most of her life. She moved to Florida two years ago and recently to Georgia.

Tiffany worked as a C.N.A. for many years.

She enjoyed writing, drawing, reading, crocheting and crafting. She was a social butterfly.

Survivors include her daughters, Karissa Donahue of Wareham and Carron Adams of Marion; her father, Gerry Donahue of Wareham; a sister, Kim Donahue of Wareham; her grandchildren, Jesse, Nevaeh, Preyston and Chozen. She was predeceased by her mother,

P   • -  A  /nlrl        h   lA   n    hA   rl      tA  K'Vl
atrici     ham) Don    ı    d    r   ugh   r





Charles D. Baker, Governor
Karyn E. Polito, Lieutenant Governor
Stephanie Pollack, Secretary & CEO
Erin C. Deveney, Registrar

S75427255
GARY HEBERT 10/12/68
27 SHORE AVENUE
WAREHAM, MA 02571

I, GARY HEBERT, date of birth 10/12/68, agrees, in order to retain my Massachusetts driver's license, to submit to the Registry of Motor Vehicles, every 3 MONTHS (until completion of treatment program), this certificate, in compliance with the AGREEMENT INSTRUCTIONS, from a Physician and/or other Support Staff Member, stating that after a personal examination there is no contraindication to the safe operation of a motor vehicle. This certificate is to address compliance with medications for seizure disorder.

I understand that these certificates will continue in force until both the Registrar of Motor Vehicles and the attending physician are satisfied that further statements are not necessary or according to AGREEMENT INSTRUCTIONS.

I understand that failure to adhere to the conditions outlined will be deemed sufficient for the revocation of my driver's license.

**The responsibility for making the appropriate appointments for personal examination rests with GARY HEBERT.

CUSTOMER SIGNATURE: _Gary Hebert_    DATE: _JAN 5 2017_

----------------------------------------------------------------

MEDICAL PROVIDER: _BERTRAND CHAPMAN_    TITLE: _M.D._
(please print)

SIGNATURE: _____    MA REG. #: _43452_

ADDRESS: _Bertrand Chapman, M.D._    TEL: (_508_) _947-7610_
511 West Grove Street Suite 201
Middleboro, MA 02346    DATE: _JAN 5 2017_

Agreement Instruction: Licensee agrees to make copies of this blank form for future submissions. Licensee agrees to remain compliant with recovery regime as prescribed by his treatment and rehabilitation program. All submissions must be brought to a Hearings Officer of the Driver Control Department of the Registry of Motor Vehicles. This agreement is for 12 months.

## CERTIFICATE OF SERVICE


I, Holly Mayfield, Esq., Attorney for the Plaintiffs, Kathleen Hebert, et al, hereby certify that the preceding document, MEMORANDUM IN SUPPORT OF FINAL JUDGMENT filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.



November 10th, 2022